[Civ. No. 47554. Second Dist., Div. Five. Sept. 27, 1976.]

KELVIN L., A Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
CLARENCE E. CABELL, as Acting Chief Probation Officer, etc.,
Real Party in Interest.

## COUNSEL

Richard S. Buckley and Wilbur F. Littlefield, Public Defenders, John M. Moore, Chief Deputy Defender, John J. Gibbons, Robert B. Berke, John L. Ryan and Laurence M. Sarnoff, Deputy Public Defenders, for Petitioner.

No appearance for Respondent and for Real Party in Interest.

John K. Van de Kamp, District Attorney (Los Angeles), Harry B. Sondheim and Arnold T. Guminski, Deputy District Attorneys, John H. Larson, County Counsel (Los Angeles), Jan A. Pluim, Deputy County Counsel, Burt Pines, City Attorney (Los Angeles), and Ward G. McConnell, Deputy City Attorney, as Amici Curiae.

## OPINION

**KAUS, P. J.**—This is a proceeding in mandamus to compel discovery in a pending juvenile court matter (Welf. & Inst. Code, § 602) in which petitioner is charged with battery on a police officer.

Petitioner's discovery motion sought information in police files regarding citizens' complaints of excessive force or racial prejudice on the part of the arresting officers, Brogelman and Chryss, and of the department's investigation of such charges. The declaration in support of the discovery motion alleged, among other things, that it was the intention of the defense to show that if petitioner in fact struck an officer during the altercation which led to his arrest, he acted in self-defense, and that the defense would not have access to the sought after materials but upon order of the court.

In addition to serving the discovery motion, petitioner also served a subpoena duces tecum on the custodian of the Los Angeles Police Department records. The custodian appeared at the hearing on the discovery motion, bringing the subpoenaed records with him. He was called as a witness and asked to disclose the desired information whereupon, acting through the deputy district attorney, the witness requested that the court review the materials before determining whether or not they should be turned over to counsel. Petitioner's counsel was permitted to ask a few questions; the witness claimed a privilege against disclosure (Evid. Code, § 1040); petitioner's counsel then requested an *in camera* hearing to review whether the material was properly discoverable. An *in camera* hearing was held, from which petitioner's counsel was excluded over his objection.

The court in reviewing the officers' personnel files found that there had been two complaints against Brogelman and one against Chryss. The charge against Chryss was "not sustained." One of the charges against Brogelman was "not sustained." He was exonerated of the other one by the department. The court found that the evidence in the officers' files was neither relevant nor material to the issues presented in the case pending against petitioner and denied his discovery motion. The court stated that its ruling was not based merely upon the police department's conclusions regarding the citizens' complaints, but upon the court's independent determination that those conclusions were justified. Despite the fact that its ruling on the issue of relevance rendered it unnecessary for the court to consider the question of privilege, the court went ahead and sustained the witness' claim of privilege. It refused, however, to grant petitioner's request for a finding, pursuant to section 1042, subdivision (a), of the Evidence Code, that the officers acted with excessive force against petitioner.

Opposition to the present petition has been filed by the city attorney as counsel for the Los Angeles Police Department, custodian of the material sought to be discovered. Amici curiae briefs have been filed by the county counsel, attorney for the respondent court and for the Los Angeles County Sheriff, and by the district attorney, counsel for the People in the matter pending below. Collectively they: (1) challenge the sufficiency of the discovery motion on the ground that it is vague, overbroad and nonspecific, and that it failed to state the place of execution; (2) attack the procedure of issuing a subpoena duces tecum and of proceeding to an *in camera* hearing absent a prior ruling that petitioner has made a prima facie showing of his right to discovery; (3) contend that unsubstantiated citizen complaints of excessive force are not discoverable; (4) deny that Brogelman's file is relevant, in any case, since only Chryss was named as a victim in the juvenile court petition; (5) assert the "constitutional right of privacy of the police officers involved as well as those who have provided information in confidence" to the police department; and (6) seek a ruling, if petitioner prevails on his claim that the information is properly discoverable, that invocation of the (Evid. Code, § 1040) privilege will result in an adverse ruling (Evid. Code, § 1042) more circumscribed than that which petitioner requested.

Preliminarily, we offer a few words as to what this case is not about. No issue was raised below as to the technical sufficiency of the discovery motion or the propriety of issuing the subpoena. No issue is presently before this court regarding compliance with the subpoena. The purported technical deficiencies in the discovery motion relate to petitioner's failure to comply with civil discovery statutes; but those statutes do not govern criminal discovery motions which are "addressed solely to the sound discretion of the trial court, which has inherent power to order discovery when the interests of justice so demand." (*Pitchess* v. *Superior Court,* 11 Cal.3d 531, 535 [113 Cal.Rptr. 897, 522 P.2d 305].) That the motion was not vague is conclusively proved by the fact that the custodian of the records had no problem producing them for the court's *in camera* perusal. Furthermore, the *in camera* proceeding was first requested by the custodian of the records whose counsel will not now be heard to complain of that procedure.

The issues which are squarely presented by the present proceeding are: first, whether petitioner has made an adequate showing of relevance and necessity to warrant discovery; second, whether if otherwise discoverable the material sought is privileged; and third, if

privileged, what ramifications follow from assertion of the privilege. In *Pitchess* v. *Superior Court, supra,* 11 Cal.3d 531, 536-537, the court declared ". . . an accused in a criminal prosecution may compel discovery by demonstrating that the requested information will facilitate the ascertainment of the facts and a fair trial. [Citations.] The requisite showing may be satisfied by general allegations which establish some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime.' [Citations.]"

In the instant case the arrest report which was submitted in evidence at the hearing on the discovery motion, discloses that petitioner was detained by Brogelman and Chryss who saw him in a parked car in front of a location where a number of juveniles had congregated. When the officers requested identification, petitioner became verbally belligerent. The officers attempted to handcuff petitioner and an altercation ensued in the course of which, according to the report, petitioner struck Chryss on the chin and petitioner, in turn, sustained head injuries which necessitated his hospitalization. Following his arrest, petitioner denied striking the officer.

Evidence, if any, of prior acts of unwarranted or excessive violence by Chryss would be admissible at trial on the issue of self-defense. (Evid. Code, § 1103.) Furthermore, although evidence of prior misconduct, if any, by Brogelman may not turn out to be admissible at trial, discovery is not limited to admissible evidence, but encompasses information which may lead to relevant evidence. In *Hinojosa* v. *Superior Court,* 55 Cal.App.3d 692 [127 Cal.Rptr. 664], cited by People, discovery was only disallowed as to those officers who were not "directly involved in the fracas." The information sought as to Brogelman is relevant to an investigation of the incident and preparation of a defense.

Petitioner, of course, would have no way of knowing or ascertaining whether any complaints have been made against the officers in question except to obtain that information from the police department. (*In re Valerie E.,* 50 Cal.App.3d 213 [123 Cal.Rptr. 242].) Petitioner has demonstrated the necessity for discovering the names, addresses and telephone numbers of citizens who have lodged complaints of excessive force against Officers Brogelman and Chryss, and of any witnesses interviewed by the department in connection with such complaints, but has made no showing that this information will be inadequate to enable

him to prepare his case. As presented his motion was, therefore too broad. If, for one reason or another, it does prove inadequate, petitioner may move for further discovery. (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d 531, 538.)[1]

█ It is asserted in opposition to the petition that the claim of self-defense in the discovery motion is equivocal since petitioner does not concede that he struck the officer. Petitioner is not obliged to elect between available defenses for the purpose of presenting a discovery motion. Requiring him to do so would run into an immediate conflict with the Fifth Amendment. (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d 531, 536.) █ The showing which petitioner has made is adequate to demonstrate the relevance of the material which he seeks. (*Pitchess* v. *Superior Court, supra*; *Hinojosa* v. *Superior Court, supra*; *In re Valerie E., supra,* 50 Cal.App.3d 213.)

Nor does the fact that the previous charges against the officers were not substantiated render them irrelevant for purposes of discovery. As to the two charges which were "not sustained," there were no witnesses to the event other than the complaining citizen and the officer. The department concluded that it could not fully resolve the issue on the basis of such evidence. Surely we cannot say that an interview with these complainants would be irrelevant to preparation of petitioner's defense. As to the charge of which Brogelman was exonerated, there were three civilian witnesses to that incident who contradicted the citizen who lodged the complaint. Presumably they will give petitioner's counsel the same version they told police investigators. If they do, counsel will undoubtedly choose not to use their testimony.

The fact remains that under our constitutional system the burden for preparing a criminal defendant's case rests with his counsel, not with the police department. That burden cannot be properly discharged unless counsel has direct access to potential witnesses, for it is counsel who must decide if they can aid his client, not the police department's internal affairs division, however sincere and well motivated the latter may be.

---

[1] In connection with our consideration of the pending petition we caused the pertinent personnel files to be lodged with this court for our *in camera* perusal.

We assume, absent any hint to the contrary, that the records submitted to us are complete. They reveal that no disciplinary action was taken against either officer as a result of the complaints, nor do the files contain complaints of racial prejudice or statements by psychiatrists or department personnel regarding the officers' reputations for aggressive behavior. Thus, we conclude that these other items sought in the discovery motion do not exist.

*Chronicle Pub. Co.* v. *Superior Court,* 54 Cal.2d 548 [7 Cal.Rptr. 109, 354 P.2d 637], cited to us for the proposition that unsubstantiated complaints are not discoverable, is inapplicable to the instant matter. In the first place, *Chronicle Pub. Co.* involved a civil, rather than a criminal matter. In the second place, the privilege there was claimed by a nonparty to the dispute. Most important, however, is that fact that *Chronicle Pub. Co.* antedated adoption of the Evidence Code. The present situation is governed by section 1040 of the Evidence Code. We turn, therefore, to the question of privilege.

As previously noted, the trial court has already sustained the claim of privilege under section 1040 of the Evidence Code.[2] The privilege is not an unmixed blessing to law enforcement, however, but may be exercised only subject to the adverse consequences provided for in section 1042, subdivision (a), of the Evidence Code.[3] The trial court, having ruled that the material sought by petitioner was irrelevant and therefore not discoverable, did not make any adverse findings under section 1042, subdivision (a). Since we have now ruled that the material sought is discoverable along the lines outlined above, section 1042, subdivision (a), does become applicable if the People choose to stand on their claim of privilege. Upon remand, the People should therefore be given the option of disclosing the material or asserting the privilege. If the People once more assert the privilege, the rights of privacy of the officers and citizens involved and the fact that the charges against the officers were not

[2]Section 1040 provides:

"(a) As used in this section, 'official information' means information acquired in confidence by a public employee in the course of his duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made.

"(b) A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and:

"(1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; or

"(2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the information be disclosed in the proceeding. In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered."

[3]Section 1042, subdivision (a), provides:

"(a) Except where disclosure is forbidden by an act of the Congress of the United States, if a claim of privilege under this article by the state or a public entity in this state is sustained in a criminal proceeding, the presiding officer shall make such order or finding of fact adverse to the public entity bringing the proceeding as is required by law upon any issue in the proceeding to which the privileged information is material."

substantiated are factors which the court may weigh in deciding whether the public interest favors disclosure of the information or sustaining of the privilege. (Evid. Code, § 1040, subd. (b)(2).) But while these factors may tip the scales in favor of the privilege, they do not render section 1042, subdivision (a), inapplicable.

Petitioner's request below that the court find, pursuant to section 1042, subdivision (a), that he acted in self-defense, sought more than he was entitled to. If, upon remand, the People again assert the privilege, and if their claim is sustained, the court needs only to find that on three prior occasions the officers used excessive or unnecessary force against citizens.

Let a peremptory writ of mandate issue directing respondent to vacate its order of October 29, 1975, denying petitioner's motion for discovery in that matter entitled In re Kelvin L., No. 515917, and commanding respondent to conduct further proceedings on said motion consistent with the views expressed herein.

Stephens, J., and Ashby, J., concurred.