[Civ. No. 50157. Second Dist., Div. Five. June 16, 1977.]

DELL M., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
KENNETH F. FARE, as Acting Chief Probation Officer, etc.,
Real Party in Interest.

## COUNSEL

Wilbur F. Littlefield, Public Defender, John J. Gibbons, Stanley Sho Shimotsu and Albert Menaster, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van De Kamp, District Attorney, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**HASTINGS, J.**—This is a proceeding in mandamus to compel dismissal of a charge of interfering with an officer in the performance of his duties (Pen. Code, § 148) now pending in a juvenile court proceeding. (Welf. & Inst. Code, § 602.)

The charge, as originally framed, alleged that petitioner "did willfully and unlawfully resist, delay and obstruct a public officer of the County of Los Angeles and Downey Police Department, to wit, Deputy Calvert[,] Officer T. Donahoe in the discharge and the attempt to discharge a duty of his office. . . ."

Petitioner moved to discover departmental records which he hoped would show that Calvert and Donahoe had a propensity to use excessive force, asserting that any force which petitioner may have used was used in self-defense. Respondent court found that petitioner had made a sufficient showing of need to entitle him to discovery. Respondent then conducted an *in camera* review of the documents which had been

brought to court by the custodians of the records pursuant to a subpoena duces tecum. Respondent found that evidence relating to a 1973 incident involving Calvert and a 1969 incident involving Donahoe was relevant and material to preparation of petitioner's defense. The custodians of the records asserted a privilege not to disclose their contents. (Evid. Code, § 1040.) Respondent found that the necessity for disclosure outweighed the need to preserve confidentiality and overruled the claim of privilege.

The custodian of the sheriff's department records turned over the information concerning Calvert. The custodian of the Downey Police Department records refused to turn over the records relating to Donahoe. Petitioner sought to have respondent order the custodian to turn over the records or have the People suffer a dismissal of the charges pending against petitioner. Respondent declined to do so. Instead the court ordered the petition amended to delete the reference to Donahoe and the Downey Police Department from the Penal Code section 148 charge and ruled that Donahoe would not be allowed to testify against petitioner. The present petition to this court followed.

This case takes us one step beyond the problem we dealt with in *Kelvin L.* v. *Superior Court,* 62 Cal.App.3d 823 [133 Cal.Rptr. 325]. In *Kelvin L.* we were concerned with the appropriate sanctions to apply when a claim of privilege under section 1040 of the Evidence Code is upheld by the trial court. Here our concern is the appropriate sanction for refusal to comply with a discovery order after a claim of privilege has been overruled.

█ The rule declaring that criminal defendants have the right, upon a proper showing, to discover the type of information sought here has been established by the Supreme Court. (*Pitchess* v. *Superior Court,* 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].)[1] The wisdom of the rule is not for this court to second guess at this point in the law's development. It is binding upon us, upon the trial courts of this state and upon law enforcement agencies. To allow law enforcement agencies to resist as a matter of policy lawful discovery orders with which they have the power to comply would foster extreme disrespect for the law, a situation the judiciary cannot permit to happen.

[1]The standards applicable to criminal discovery apply also to juvenile delinquency proceedings. (*Joe Z.* v. *Superior Court,* 3 Cal.3d 797, 801-802 [91 Cal.Rptr. 594, 478 P.2d 26].)

We start with the settled rule that the intentional suppression of material evidence that may be favorable to a defendant who has requested it constitutes a violation of due process, irrespective of the good or bad faith of the prosecution. (*People* v. *Hitch,* 12 Cal.3d 641, 645 [117 Cal.Rptr. 9, 527 P.2d 361].) Since the Legislature has seen fit to provide law enforcement agencies with a limited privilege to refuse to disclose certain confidential information (Evid. Code, § 1040) and has further provided for limited sanctions for invocation of the privilege (Evid. Code, § 1042), the wilful and persistent refusal to comply with a lawful discovery order made after a claim of privilege has been overruled requires the imposition of more severe sanctions than the limited ones we held applicable in *Kelvin L.* v. *Superior Court, supra,* 62 Cal.App.3d 823. The first tool available to the court to enforce its disclosure orders is, of course, the contempt power. If, however, the custodian of police department records chooses to suffer the consequences of a contempt citation rather than disclose their contents, the remedy provides scant comfort to a criminal defendant who ultimately may be forced to choose between his right to compel discovery (*Pitchess* v. *Superior Court, supra*) and his right to a speedy trial (6th Amend., U.S. Const.; art. 1, § 13, Cal. Const.; Pen. Code, § 1382.) We therefore hold that if the trial court declines to exercise its contempt powers, or if the exercise of those powers proves ineffective to bring about sufficient compliance with a discovery order made after a claim of privilege (Evid. Code, § 1040) has been overruled, the charges to which the material sought to be discovered pertains must be dismissed.

Having thus stated the applicable rule of law, it remains to apply it to the facts of this case. The facts which were before the trial court and which are before us are those contained in the police report, to wit: Los Angeles County Deputy Sheriff Calvert and Downey Police Officers Gilbert and Donahoe were seated in an unmarked Downey police car conducting surveillance in connection with a prospective narcotics transaction involving an undercover officer and a large sum of money. Petitioner passed by the officers' car, then circled it, stopped by the driver's side and asked, "What's going on? You guys have got radios in the car. You must be police." Petitioner asked if they were on a stakeout. Officer Donahoe advised petitioner to leave the location. Petitioner stated, "You guys are on a stakeout." Then he left the location and walked down the block shouting, "Hey, the police are on stakeout. It's a stakeout. It's the police."

Concerned about the large sum of money involved in the prospective narcotics transaction and about the safety of the undercover officer, the

officers went after petitioner and stopped him. Deputy Calvert told petitioner he was being detained for interfering with a police officer in the performance of his duties in violation of section 148 of the Penal Code. Petitioner turned and started to walk away. When the officers tried to stop him, he attempted to escape. Calvert, Donahoe and petitioner fell to the ground. Petitioner's shirt was torn. He was then detained without further incident.

En route to the sheriff's station, petitioner threw a marijuana cigarette out the police car window. It was retrieved by the officers. Possession of marijuana (Health & Saf. Code, § 11357) was charged as paragraph II of the delinquency petition.

Counsel's declaration in support of petitioner's discovery motion[2] asserts "The defense expects to show that if in fact the minor used force against a law enforcement officer, that such force was in defense of *his person against acts of aggression and excessive and illegal force* used by a law enforcement officer against him. The police report, *Booking No. 4022-605, file # 476-18972-1328-181 in the above-entitled* action indicates that Officer T. Donahue [*sic*] of the Downey Police Department '. . . and subject [M.] fell to the asphalt road wherein doing so, subject [M.'s] shirt was torn.' Minor is also charged with resisting and obstructing Deputy John M. Calvert # 013077 in the course of his duties." (Italics in original.)[3]

The sanction fashioned by respondent court to deal with the Downey Police Department's refusal to turn over the pertinent records was inadequate under the circumstances of this case to assure petitioner a fair trial insofar as the People's case is predicated upon the scuffle which took place when the officers attempted to subdue petitioner. Calvert and Donahoe acted in concert and their actions are inextricably intertwined. Citizen complaints as to both of them are therefore discoverable whether or not they are both named in the formal charge. (*Kelvin L.* v. *Superior Court, supra,* 62 Cal.App.3d 823; *Hinojosa* v. *Superior Court,* 55 Cal.App.3d 692 [127 Cal.Rptr. 664].)

---

[2]Pursuant to Evidence Code section 459 we have taken judicial notice of the contents of the superior court file in this case.

[3]The Downey police officer's name is spelled "Donoho," "Donahue" and "Donahoe" at various places in the record. For convenience sake we have adopted the spelling found in the police report throughout the text of the opinion.

It is clear, however, from the declaration in support of the discovery motion and from the facts contained in the police report that the items sought to be discovered are relevant only to proof of that portion of the Penal Code section 148 charge predicated upon the scuffle incident to subduing petitioner and taking him into custody. They are in no way material to proof of the charge insofar as it relates to petitioner's conduct and utterances while the officers were in the car and which, if proved, would suffice to sustain a conviction for violation of section 148. (*In re William F.*, 11 Cal.3d 249 [113 Cal.Rptr. 170, 520 P.2d 986]; *In re Joe R.*, 12 Cal.App.3d 80 [90 Cal.Rptr. 530].) ■ The purpose of criminal discovery is to guarantee a defendant a fair trial. The remedy for noncompliance with a discovery order should not be broader than is necessary to accomplish that aim.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of November 30, 1976, deleting the reference to the Downey Police Department and the name of Officer Donahoe as a victim named in paragraph I of the pending delinquency petition in that matter entitled In the Matter of Dell M., No. J 001396, and to enter a new and different order suppressing all evidence relating to any skirmish between petitioner and the arresting officers or to any physical resistance offered by petitioner at the time of his detention and arrest.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied July 15, 1977, and the opinion was modified to read as printed above.