[Civ. No. 56885. Second Dist., Div. Four. Sept. 19, 1980.]

THEODORE CARRUTHERS, JR., et al.,
Plaintiffs and Respondents, v.
THE MUNICIPAL COURT FOR THE LONG BEACH JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and
Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

**COUNSEL**

John A. Vander Lans, City Prosecutor, Robert R. Recknagel, Assistant City Prosecutor, Gary J. Ferrari and Gerry L. Ensley, Deputy City Prosecutors, for Real Party in Interest and Appellant.

Errol Jay Gordon for Plaintiffs and Respondents.

No appearance for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Petitioners were arrested for, and charged in respondent municipal court with, battery on police officers, in violation of sections 242 and 243 of the Penal Code. They promptly moved for pretrial discovery of the records of the police officers involved. The prosecutor readily agreed to an order calling, together with other material not herein involved, for discovery of the names and addresses of persons who had complained of misconduct by those officers. However, the municipal court denied the motion as to items 12 through 15, which read as follows: "(12) All statements, written or oral, made by persons interviewed during investigation as are described in item #10, *supra*.

"(13) All statements, written or oral made by persons who have brought complaints described in item #10, *supra*.

"(14) All tape recordings and/or transcriptions thereof, and notes and memoranda by investigating LONG BEACH Police Department personnel made pursuant to investigation described in item #10, *supra*.

"(15) All findings, reports, opinions and transcripts of disciplinary acts of proceedings commenced or taken against officers Robert L. Parker; T. L. Morgan; D. Rasmussen; D. P. Reynolds; S. Zabel; and D. Kulusich of the LONG BEACH Police Department relating to said officers unnecessary acts of aggressive behaivor [*sic*], acts of violence and/or attempted violence, acts of excessive force and/or ethnic prejudice." Petitioners then sought a writ of mandate in the superior court to compel the granting of their motion as to those items. The superior court granted the writ and the People have appealed.

## I

The order of the municipal court was entirely correct under the decision in *Kelvin L.* v. *Superior Court* (1976) 62 Cal.App.3d 823 [133 Cal.Rptr. 325], which recognized a right to the information granted but denied it as to such matters as were here sought by items 12 through 15. In its holding, that court also recognized the right of a defendant, in a case such as this, to seek additional discovery if the information thus received proves "inadequate." (*Kelvin L.* v. *Superior Court, supra*, at p. 829.) In an attempt to utilize that permission, petitioners filed, in the superior court, an affidavit claiming that attempts to subpoena the persons whose names and addresses had been furnished had proved futile.

Although not entirely clear, it is a reasonable reading of the superior court's order that it was influenced by that affidavit. In that respect, the court erred. Mandate proceeds, in the reviewing court, in a case such as this, on the record made in the lower court. The suggestion, in *Kelvin L.* was not to allow a new motion in the reviewing court, but to allow a defendant to seek, by a new motion in the original court, a new and broader order. The error in conducting what amounted to a de novo hearing, requires a reversal.

Since we must reverse for that error, we need not, and do not, determine whether the showing made by petitioners' affidavit was sufficient to justify relief. If petitioners do apply anew to the municipal court, they will have an opportunity, and duty, to make, *in that court*, a showing entitling them to relief.

## II

By an amendment, effective in 1979 (after the proceedings herein involved) the Legislature provided, in subparagraph (2) of subdivision (b) of section 1045 of the Evidence Code, that the trial court should ex-

clude from discovery "In any criminal proceeding the conclusions of any officer investigating a complaint filed pursuant to Section 832.5 of the Penal Code." The People here suggest (without elaboration or citation of authority) that that provision, although not effective at the times herein involved, was merely "a codification of contemporaneous case law." We need not decide that issue since, if petitioners now proceed to make the new motion dismissed above, *that* motion will clearly be subject to the quoted language.

### III

■ The briefs for the People concede that, whether or not the new language applies, petitioners are entitled, under *Brady* v. *Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215, 83 S.Ct. 1194], to disclosure of the *fact* that discipline was imposed on an officer pursuant to a complaint of excessive force. If, on a new hearing in municipal court, petitioners are found entitled to a new and broader discovery order, that court will recognize the existence of that limited exception to the present section 1045.

### IV

We are told that, subsequent to the proceedings herein under review, the municipal court, ignoring the pendency of this appeal, ordered the cases against petitioners dismissed for failure by the People to comply with the judgment we here review. Since that order is not before us in this proceeding, we have no jurisdiction to vacate it. However, we assume that, when this opinion becomes final, the court will entertain and grant a motion to reinstate the criminal cases. The sanction for noncompliance is that set forth in subdivision (a) of section 1042 of the Evidence Code—namely an instruction to the jury to the effect that the officers involved have, on previous occasions, been guilty of the use of excessive force.

The judgment is reversed.

Woods, J., and McClosky, J., concurred.

A petition for a rehearing was denied October 8, 1980.