[No. B026399. Second Dist., Div. Two. Apr. 28, 1987.]

CITY OF AZUSA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JOSEPH MADRIGAL et al., Real Parties in Interest.

COUNSEL

Peter M. Thorson, City Attorney, Dennis I. Floyd, Raymond J. Fuentes and Burke, Williams & Sorensen for Petitioner.

No appearance for Respondent.

Ronald T. Vera and Barbosa & Vera for Real Parties in Interest.

OPINION

**THE COURT.\***—In this mandamus proceeding, the City of Asuza and two of its police officers challenge an order requiring the city to deliver to real parties a complete copy of the city's files on citizen complaints against the two officers.

This order was entered in a tort and civil rights action against the city and the two officers. The complaint alleges that the officers arrested the three plaintiffs without probable cause and employed unreasonable and injurious force to make the arrests, and that the city improperly trained and supervised the officers.

Plaintiffs requested the personnel files of the two officers, seeking records of training and job performance, including complaints of misconduct and resulting investigations and discipline imposed. After examining these records in chambers, as required by Evidence Code section 1045, subdivision (b), the trial court ordered that they be produced in their entirety.

This petition followed. The documents in question were lodged with this court under seal. On March 31, 1987, we temporarily stayed enforcement of the trial court's order.

██ The conditional privilege for official information (Evid. Code, § 1040) applies in this case, along with the provisions of sections 1045 to 1047. (See *People* v. *Memro* (1985) 38 Cal.3d 658, 689 [214 Cal.Rptr. 832, 700 P.2d 446].) Section 1040 requires the trial court to weigh the necessity for disclosure in the interest of justice against the necessity for preserving the confidentiality of the information, before determining what will be

---

*Before Roth, P. J., Gates, J., and Fukuto, J.

ordered disclosed.[1] The trial court should summarize its evaluations on the record or in an order, so meaningful review will be possible. Here, the record not only gives no insight into the weight the trial court attributed to the competing factors, but also does not even reveal whether the court considered them at all.[2]

■ In addition, section 1045 explicitly requires that "where the issue in litigation concerns the policies or pattern of conduct of the employing agency"—and this is such a case, as shown by paragraphs 2, 6, and 19 of the complaint—the trial court must consider the availability of comparable information from agency sources other than personnel records. Here the city clerk declared that he maintains files, available for public inspection, on all claims against the city police department, including the written claim, the claimant's name and address, the names of the police officers involved, and a summary of the incident complained of. Whether these public files include all the incidents covered in the records the trial court ordered produced, the clerk did not specify. The trial court should, as required by statute, have considered the availability of this information, and the record does not indicate that it did.

Further, the files ordered produced contain medical records and other sensitive and personal material about individuals, including information about criminal records, suspected criminal activities, and evaluations of credibility. Bearing no relevance to the facts plaintiffs hope to discover and prove, such information should have been excised.

■ Indeed, at this stage plaintiffs were entitled, at most, to the names and addresses of other persons who complained the two officers had used excessive force in the course of arrests within five years preceding the plaintiffs' arrest. *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], the seminal case in this field, found good cause for a request for a law enforcement agency's records of complainants' statements —and even then not the entire investigation files—only because the parties seeking discovery, who already knew the names of other complainants,

---

[1]The Supreme Court amplified these statutory factors in *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107, 126 [130 Cal.Rptr. 257, 550 P.2d 161]: the court should consider, with respect to each document, its importance to the fair presentation of the litigant's case, the availability of comparable material from other sources, and the effect of disclosure on the integrity of public processes and procedures.

[2]In evaluating the documents, the trial court should bear in mind that this is not a criminal case in which prior aggressive acts of the officers are admissible to support a claim of self-defense. (See Evid. Code, § 1103, subd. (a)(1).) Rather, evidence of specific instances of the officers' conduct is governed by section 1101, subdivision (a), which makes such evidence inadmissible (with specified exceptions) to prove the officers' conduct on the occasion of plaintiffs' arrest.

showed they either were unavailable for interviews or could not remember the details of the events about which they had complained. Here, of course, there has been no such showing. Hence the production of more than names and addresses is premature. (Accord, *Carruthers* v. *Municipal Court* (1980) 110 Cal.App.3d 439 [168 Cal.Rptr. 33].)

Finally, one of the complaints—concerning a wallet—and portions of another—regarding a dog—did not involve allegations of excessive force in arrests, and for that reason should not have been ordered disclosed. (See *People* v. *Memro, supra,* 38 Cal.3d 658, 685-687.)

This is a proper case for issuance of a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) All parties were informed that this court was considering issuing a peremptory writ in the first instance. The matter having been fully briefed, issuance of a alternative writ would add nothing to the exposition of the issues.

Let a peremptory writ of mandate issue, directing respondent to vacate its order of February 19, 1987, requiring production of documents, and to conduct further proceedings consistent with the views expressed herein.