[No. A061806. First Dist., Div. One. Dec. 14, 1993.]

CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
RICHARD L. PHILLIPS, Real Party in Interest.

## COUNSEL

Louise H. Renne, City Attorney, Geoffrey Spellberg and Linda Ross, Deputy City Attorneys, for Petitioner.

No appearance for Respondent.

Schwartz & Siegel and Donald C. Schwartz for Real Party in Interest.

## OPINION

STEIN, J.—

### SUMMARY

The City and County of San Francisco (the City) is the defendant in a civil action brought by real party in interest, Richard L. Phillips (Phillips) seeking damages for personal injuries allegedly sustained as the result of the use of excessive force by San Francisco police officers. By petition for writ of mandate, the City challenges an order granting Phillips's motion to compel production of a case report prepared by the San Francisco Police Department's Office of Citizen Complaints (OCC). We find that Phillips failed to

show compliance with the notice requirements of Evidence Code section 1043, subdivision (a).[1] He also failed to demonstrate good cause for disclosure of the case report within the meaning of section 1043, subdivision (b)(1). Additionally, the court failed to limit use of the records disclosed in violation of section 1045, subdivision (e). We will, therefore, issue our writ.

## BACKGROUND

The underlying complaint arises from an incident in which Phillips alleges he was beaten by San Francisco police officers after a vehicle chase from San Francisco to Berkeley. The complaint seeks damages from the City and unnamed Doe defendants (presumably the police personnel involved in the incident) under theories of recovery based on negligence and intentional tort. It contains allegations that during the arrest of Phillips, the defendants, while acting within the course and scope of their agency and employment, conspired to and did use excessive force. The complaint does not plead negligent supervision of the police officers involved.

Phillips also made a complaint to the OCC.[2] That office was established under San Francisco's charter to " 'investigate all complaints of police misconduct . . . [and] recommend disciplinary action to the chief of police on those complaints that are sustained.' . . . [¶] The OCC's recommendation is advisory only. Section 8.343 of the charter governs discipline of police personnel and provides generally for a hearing before the police commission." (*San Francisco Police Officers' Assn.* v. *Superior Court* (1988) 202 Cal.App.3d 183, 185 [248 Cal.Rptr. 297], italics omitted, hereafter *SFPOA*.) The reports and findings made by the OCC are subject to disclosure only pursuant to section 1043 et seq. (Pen. Code, § 832.7; *SFPOA*, *supra*, at p. 192), except that the complaining party may have access to certain records during the ongoing OCC factfinding process (*SFPOA*, *supra*, at pp. 191-192) and may be notified of the disposition of a complaint. (Pen. Code, § 832.7.) Such notification, however, is neither conclusive, binding nor admissible as evidence in a subsequent action. (*Ibid.*)

Phillips filed a motion, pursuant to section 1043, in his civil action seeking production of the OCC's entire case file concerning his complaint. The motion was supported by two declarations by his attorney, which recited that the OCC had sustained Phillips's charges, that San Francisco Police

---

[1] Except as otherwise noted, further statutory references are to the Evidence Code.

[2] Penal Code section 832.5 requires all agencies in the state employing peace officers to "establish a procedure to investigate citizens' complaints . . . ," and requires that records of such complaints and reports and findings be retained. Such records and reports are confidential. (Pen. Code, § 832.7.)

Commission complaints were pending against four officers allegedly involved in the beating, that the OCC had thoroughly investigated the matter, and that "[i]n order to determine the validity of this claim, and to adequately prepare for trial, this information should be made available. Of particular relevance are the accounts of independent eye witnesses." Counsel added that it was not possible for his law office to interview the witnesses and that it would be burdensome to require such an investigation.

The motion was served only on the City's attorney. The City responded that good cause was not demonstrated as required by section 1043. In addition, the City included the declaration of the director of the OCC to the effect that the confidentiality of OCC investigations was important to the fairness and effectiveness of the process. After hearing and an in camera examination of the requested report (§ 1045, subd. (b)), the court ordered production of the entire case report, noting in its order that the OCC director's declaration did not distinguish among the many documents in the file examined by the court.

Thereafter, the City sought reconsideration (Code Civ. Proc., § 1008), which motion was denied.[3]

This petition followed.

DISCUSSION

Section 1043 requires service of a motion for production of records on the agency holding the records—here the OCC. That service was accomplished by service upon the city attorney, who already represented the City in the lawsuit.[4] ■ But section 1043 also mandates that the agency notify the individuals whose records are sought (§ 1043, subd. (a)) and specifies that absent such notice, no hearing shall be held. (§ 1043, subd. (c).) The parties concede that at least some of the officers were not notified.

We reviewed the legislative history of Penal Code section 832.5 et seq. and section 1043 et seq. in *SFPOA, supra,* and there explained that in

---

[3]We need not address the City's arguments premised on evidence and argument submitted on the motion for reconsideration, which plainly failed to comply with Code of Civil Procedure section 1008.

[4] The OCC, as we have seen, is a part of the police department which, itself, is a part of·the City for purposes of suit. (Gov. Code, § 811.2.) The city attorney is required by San Francisco's charter (charter, § 3.401) to represent any city department in litigation. The Code of Civil Procedure allows service of a motion on a party or that party's attorney. (Code Civ. Proc., §§ 1005, 1010.)

addition to its purpose of insuring preservation of records of citizen complaints, the Legislature was also careful to give the employing agency and the peace officer " 'the right to refuse to disclose any information concerning the officer or complaints or investigations . . . in both criminal and civil proceedings.' " (*SFPOA, supra,* 202 Cal.App.3d at p. 189.) Such a right would be nullified if a hearing on the question of disclosure could be held absent notice to the individual whose records were involved.[5]

The importance of notice is particularly evident in this case where the motion itself utterly fails to establish good cause for the sought-after discovery. The showing of good cause required by section 1043—at least in criminal cases—has been "relatively relaxed . . . —'materiality' to the subject matter of the pending litigation and a 'reasonable belief' that the agency has the type of information sought" (*City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 84 [260 Cal.Rptr. 520, 776 P.2d 222]) are all that are required. But the requisite allegations must "establish some cause for discovery other 'a mere desire for the benefit of all information which has been obtained . . . .' " (*Kelvin L.* v. *Superior Court* (1976) 62 Cal.App.3d 823, 828 [133 Cal.Rptr. 325].)

Phillips's showing below did not meet even this "relaxed" standard. As we have seen, Penal Code section 832.7, subdivision (c) precludes use of notice of the disposition of a complaint in subsequent proceedings; the allegations concerning the OCC's disposition of the case in Phillips's counsel's declaration must be disregarded. The underlying complaint itself is a boilerplate, conclusory, form complaint. The thrust of Phillips's showing, therefore, was that he had a "mere desire" for the information obtained by the OCC; it was insufficient as a matter of law.[6]

Finally, as the parties concede, the order failed to comply with section 1045, subdivision (e), which required the court to limit the use of records ordered disclosed.

---

[5] Of course, ordinarily in civil litigation protections are afforded those about whom private information is sought. (See, e.g., *Valley Bank of Nevada* v. *Superior Court* (1975) 15 Cal.3d 652 [125 Cal.Rptr. 553, 542 P.2d 977] and *Board of Trustees* v. *Superior Court* (1981) 119 Cal.App.3d 516, 524-526 [174 Cal.Rptr. 160].)

[6] We dismiss the City's strenuous argument that the trial court's order failed to comply with section 1040, which requires the court to weigh the necessity for disclosure against the necessity for preserving the confidentiality of the information. (*People* v. *Memro* (1985) 38 Cal.3d 658, 689 [214 Cal.Rptr. 832, 700 P.2d 446]; *City of Azusa* v. *Superior Court* (1987) 191 Cal.App.3d 693, 695-696 [236 Cal.Rptr. 621].) The City completely defaulted in its burden to demonstrate the predicate facts necessary to its claim of privilege for each of the various documents in the case file. (§§ 1040, 500, 550, and see, e.g., *Mahoney* v. *Superior Court* (1983) 142 Cal.App.3d 937, 940 [191 Cal.Rptr. 425].)

## CONCLUSION

Let a peremptory writ of mandate issue commanding the San Francisco Superior Court in its No. 933344 to set aside its order granting Phillips's motion to compel production of the OCC case report and to instead deny the motion. The stay previously imposed shall remain in effect until this opinion becomes final.

Newsom, Acting P. J., and Dossee, J., concurred.