[No. B172785. Second Dist., Div. Four. Apr. 20, 2004.]

MARCOS ALVAREZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al., Real Parties
in Interest.

COUNSEL

Michael P. Judge, Albert J. Menaster, Michael Fischman and Graciela Martinez for Petitioner.

No appearance for Respondent.

Nelson & Fulton, Henry Patrick Nelson and Traci A. Kirkbride for Real Parties in Interest.

OPINION

**HASTINGS, J.—**

## INTRODUCTION

This writ proceeding raises an issue of *Pitchess*[1] discovery in a prosecution for resisting arrest. The defense was provided with the name of a deputy sheriff who had filed a complaint of "workplace violence" against one of the sheriffs who had arrested petitioner. When contacted by the defense investigator, the complaining deputy refused to discuss the incident that had formed the basis of his complaint. The defense then sought discovery of the complainant's statements about the incident. The trial court denied the motion. This petition followed. We grant relief.

### FACTUAL AND PROCEDURAL BACKGROUND

Based upon a November 14, 2002 altercation in county jail with Los Angeles County Deputy Sheriff Michael Do, petitioner Marcos Alvarez was charged with one count of resisting an executive officer (Pen. Code, § 69).

Petitioner filed a *Pitchess* motion seeking complaints filed against Do as well as three other deputy sheriffs, including Daniel Etter, who were participants in and witnesses to the altercation.

On March 3, 2003, the trial court granted the motion to the extent it sought to discover complaints of excessive force. Following an in camera review of the pertinent records, the court ordered disclosure of one item: the fact that on December 12, 2000, Deputy Sheriff Joseph Summer had lodged a complaint against Deputy Etter alleging "workplace violence."

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] (*Pitchess*).

The Los Angeles County Sheriff's Department (Sheriff's Department) provided petitioner with the information required by the court's discovery order.

Petitioner's investigator eventually located Deputy Summer. Deputy Summer, however, refused to discuss the event that had formed the basis of his complaint against Deputy Etter.

Petitioner then filed a supplemental *Pitchess* motion seeking the statements taken from Deputy Summer in regard to his complaint against Deputy Etter.

The motion was supported by a declaration from petitioner's counsel, based upon information and belief, that Deputy Summer did not want to discuss the incident. Petitioner urged the deputy's refusal to discuss the incident was the functional equivalent of being unavailable to discuss the incident, thereby entitling him to the deputy's statements.

On June 30, 2003, the trial court denied the supplemental motion. It held the deputy's refusal to cooperate did not make him unavailable so as to permit disclosure of the statements he had made.[2] Petitioner then sought a writ of mandate from this court. We denied the petition *without prejudice*. Our order explained: "The May 16, 2003 declaration of counsel, made 'on information and belief,' lacks adequate foundation to establish the unavailability of the witness [Deputy Summer] or otherwise demonstrate good cause for the requested supplemental discovery. [Citation.]" (*Alvarez v. Superior Court* (Oct. 3, 2003) B169561.)

When trial court proceedings resumed, petitioner filed a new supplemental *Pitchess* motion for Deputy Summer's statements. This time the motion was supported by a declaration from the investigator. He averred that Deputy Summer had refused to speak with him about the complaint he had filed against Deputy Etter. The new motion was heard on December 8, 2003, by Judge Sam Ohta because Judge Dale Fisher who had ruled upon the earlier motion had since been appointed to the federal bench. Judge Ohta reviewed the transcript of the June 30 hearing and concluded Judge Fisher had denied the supplemental motion on the merits. Judge Ohta then denied the new supplemental motion, finding there was no showing of the required "change of circumstances" that would permit him to reconsider Judge Fisher's ruling.

This petition followed. We issued an alternative writ of mandate.

---

[2] The court stated: "The officer is not unavailable, he's simply uncooperative."

## DISCUSSION

The first issue raised by this petition is whether the trial court erred when it refused to reconsider the June 30th ruling made by Judge Fisher.

"It is often said as a general rule one trial judge cannot reconsider and overrule an order of another trial judge. There are important public policy reasons behind this rule. 'For one superior court judge, no matter how well intended, even if correct as a matter of law, to nullify a duly made, erroneous ruling of another superior court judge places the second judge in the role of a one-judge appellate court.' The rule also discourages forum shopping, conserves judicial resources, prevents one judge from interfering with a case ongoing before another judge and prevents a second judge from ignoring or arbitrarily rejecting the order of a previous judge[.]" (*People v. Riva* (2003) 112 Cal.App.4th 981, 991 [5 Cal.Rptr.3d 649], fns. omitted.)

■ However, one well-recognized exception to the rule is that the rule does not apply when the first judge has become unavailable. (*In re Alberto* (2002) 102 Cal.App.4th 421, 430 [125 Cal.Rptr.2d 526].) That circumstance is clearly present in this case since Judge Fisher had been appointed to the federal court. Consequently, the policy concerns of discouraging forum shopping and preventing one judge from interfering with another judge's handling of a case are not present. Furthermore, although not required,[3] petitioner, in response to our order in the earlier writ proceeding, had now presented significant new evidence to the trial court in support of his new supplemental motion: the declaration from the investigator based upon personal knowledge that Deputy Summer refused to speak about the complaint. We therefore conclude that Judge Ohta erred in declining to rule on the merits of the new supplemental discovery motion.

We could simply issue a writ compelling the trial court to rule on the new supplemental motion. However, in order to conserve judicial resources, we will address the merits of the motion.

In *Pitchess, supra,* 11 Cal.3d 531, the California Supreme Court held that a defendant claiming self-defense to a charge of battery upon several deputy sheriffs could discover complaints of excessive force contained in the deputy's personnel files. The defense was entitled to that information upon showing it would "facilitate the ascertainment of the facts and a fair trial." (*Id.* at p. 536.) The court explained that this required no more than "general allegations" establishing "some cause for discovery other than 'a mere desire

---

[3] See *People v. Castello* (1998) 65 Cal.App.4th 1242, 1246–1250 [77 Cal.Rptr.2d 314] (limitations found in Code Civ. Proc., § 1008 on motions for reconsideration in civil cases do not preclude a trial court in a criminal prosecution from reconsidering its previous ruling).

for the benefit of all information which has been obtained by the People in their investigation of the crime.' " (*Id.* at p. 537.)

The Legislature thereafter codified this right to discovery in Evidence Code sections 1043 through 1045. Evidence Code section 1043, subdivision (b)(3) requires an affidavit "showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation[.]" Although not required by the statutory scheme, the "courts have generally refused to disclose verbatim reports or records of any kind from peace officer personnel files, ordering instead . . . that the agency reveal only the name, address and phone number of any prior complainants and witnesses and the dates of the incidents in question. [Citations.]" (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84 [260 Cal.Rptr. 520, 776 P.2d 222].)

Nonetheless, the practice of disclosing only the name of the complainant and contact information must yield to the requirement of providing sufficient information to prepare for a fair trial. For example, in *Pitchess, supra,* 11 Cal.3d 531, two individuals who had filed complaints against the deputy sheriffs were unavailable for interview by defense counsel. In addition, two other complainants could not recall the details of the events. (*Id.* at p. 537.) Given that showing, the Supreme Court held disclosure of additional information was required. Disclosure of the prior statements given by the unavailable complainants to the sheriff's investigators was "necessary for effective cross-examination." (*Ibid.*) And disclosure of the sheriff's records was "necessary to refresh [the] recollection" of the individuals who could not remember the operative events. (*Ibid.*) The *Pitchess* court reasoned that the defendant "cannot be held responsible for [the complainants'] unavailability or lack of memory, and he has no access to the sheriff's investigative records. Furthermore, the information which defendant seeks may have considerable significance to the preparation of his defense, and the documents have been requested with adequate specificity to preclude the possibility that defendant is engaging in a 'fishing expedition.' We therefore conclude that defendant demonstrated sufficient good cause under the appropriate standards of criminal procedure, as developed in case authority, to warrant the trial court in compelling discovery." (*Id.* at pp. 537–538; see also *City of Azusa v. Superior Court* (1987) 191 Cal.App.3d 693, 696–697 [236 Cal.Rptr. 621] [disclosure of information in addition to names and addresses of complainants would be premature absent a showing the complainants were unavailable for interview or could not remember the events]; *Kelvin L. v. Superior Court* (1976) 62 Cal.App.3d 823, 828–829 [133 Cal.Rptr. 325] [defendant can move for further discovery if names of complainants and contact data prove to be inadequate information to prepare his case].)

■ Here, the trial court found good cause when it initially granted petitioner's *Pitchess* motion and ordered disclosure of the complaint filed by Deputy Summer. Consequently, the "materiality" of the information, as defined by Evidence Code section 1043, subdivision (b)(3), to the issues raised in this criminal prosecution has been established. However, petitioner's ability to investigate that information to determine if it would lead to the discovery of admissible evidence has been stymied by Deputy Summer's refusal to cooperate. The only way petitioner can effectively investigate this matter *before trial* is to be given the deputy's statements. Petitioner therefore has established "good cause" for the information within the meaning of section 1043, subdivision (b)(3). To deny him access to this information would constitute an abuse of discretion.

The contrary arguments advanced by the Sheriff's Department lack merit.

It first urges that petitioner has the "ability to compel Deputy Summers' [*sic*] attendance in court via his subpoena power. Petitioner cannot voluntarily forego investigation or choose not to utilize legal means at his disposal to obtain this information to prepare his case and then claim that this lack of information has rendered him unable to adequately prepare his case. Compelling an adversarial witness' attendance in court is not a novel concept. Petitioner here is merely attempting to make the court do his work for him so that he can obtain the contents of Deputy Summers' [*sic*] statements before he decides whether or not he will even call Deputy Summers [*sic*] as a witness." This argument misapprehends the nature of *pretrial discovery*. The point is to give a defendant an opportunity before trial to investigate and evaluate potential defenses so as to focus and narrow the issues at trial. (*People v. Memro* (1985) 38 Cal.3d 658, 677 [214 Cal.Rptr. 832, 700 P.2d 446].) Such an approach conserves judicial resources as well as the time of potential trial witnesses.

■ If the Sheriff's Department is now urging that petitioner should subpoena Deputy Summer for a pretrial hearing in which he is examined, it is essentially claiming petitioner has a right to conduct a pretrial deposition of the deputy in order to decide whether or not to call him as a witness at trial. However, in a criminal case, a defendant does not have the right to take depositions absent specific statutory exceptions, none of which is present in this case. (*People v. Municipal Court (Runyan)* (1978) 20 Cal.3d 523 [143 Cal.Rptr. 609, 574 P.2d 425]; Pen. Code, §§ 1335–1345.)

If the Sheriff's Department is urging petitioner should subpoena Deputy Summer for trial and at that point examine him about his observations of Deputy Etter, that approach would cause valuable trial time to be consumed on an issue that could have been and should have been investigated *before*

trial. Furthermore, were Deputy Summer to testify at trial that he could not recall the details of the event, the defense at that time surely would have a right to be given the statements to try to refresh the deputy's memory. A more judicious approach is simply to give petitioner the statements now so he can investigate the matter and decide if he even wants to call Deputy Summer as a witness at trial.

Equally without merit is the argument, adopted by the trial court, that the deputy's refusal to cooperate does not constitute unavailability so as to constitute good cause for further discovery. The argument that *Pitchess, supra,* 11 Cal.3d at page 537 and *City of Azusa v. Superior Court, supra,* 191 Cal.App.3d at pages 696–697, held that a defendant is *only* entitled to additional discovery if the complainant either can not be located or can not remember the events is based upon a crabbed reading of those decisions. In *Pitchess,* those were the only facts presented so the court had no reason to discuss the other circumstances under which additional discovery could be obtained. And *City of Azusa* simply recited that portion of the *Pitchess* opinion when it reversed an overbroad discovery order. The salient point is that Deputy Summer's refusal to speak renders it impossible for petitioner to pursue his investigation just as if the deputy were unavailable or lacked memory. That hurdle can be overcome if the requested statements are produced.

Petitioner concedes "that supplemental *Pitchess* discovery provided to [him] will be subject to an <u>in camera</u> review"[4] and the provisions of Evidence Code section 1045, subdivision (e).[5] We will therefore issue a writ compelling the trial court to provide the requested discovery in accord with those statutory provisions.

---

[4] Subdivision (b) of section 1045 explains the scope of the in camera review.

[5] That provision provides: "The court shall, in any case or proceeding permitting the disclosure or discovery of any peace or custodial officer records requested pursuant to Section 1043, order that the records disclosed or discovered may not be used for any purpose other than a court proceeding pursuant to applicable law."

In addition, subdivision (d) provides: "Upon motion seasonably made by the governmental agency which has custody or control of the records to be examined or by the officer whose records are sought, and upon good cause showing the necessity thereof, the court may make any order which justice requires to protect the officer or agency from unnecessary annoyance, embarrassment or oppression."

## DISPOSITION

Let a peremptory writ of mandate issue compelling respondent court to set aside its order of December 8, 2003, denying petitioner's motion for supplemental *Pitchess* discovery and, after conducting proceedings in compliance with Evidence Code section 1045, to enter a new and different order granting that motion.

Epstein, Acting P. J., and Curry, J., concurred.