Filed 6/28/21  Foster v. Lu CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>ELAINE LU, as Judge of the Superior Court, etc.,<br><br>　　　Defendant and Respondent. | B306845<br><br>(Los Angeles County Super. Ct. No. 20STCV02763) |

APPEAL from a judgment of the Superior Court for Los Angeles County, Barbara Ann Meiers, Judge.  Affirmed.

Ricky Tyrone Foster, in pro. per., for Plaintiff and Appellant.

Cummings, McClorey, Davis, Acho & Associates and Sarah L. Overton for Defendant and Respondent.

_____

Appellant Ricky Tyrone Foster, serving a life sentence, filed a civil action against four prison officials because they allegedly failed to timely file his petition for review in the California Supreme Court. (*Foster v. Ibbotson et al.* (Super. Ct. L.A. County, 2014, No. 14K08085).) Foster failed to appear for the trial of that action on December 17, 2015; it was dismissed without prejudice on the same day by the respondent in this appeal, Judge Elaine Lu.[1] Foster appealed the dismissal of case No. 14K08085 to the superior court appellate division. (*Foster v. Ibbotson* (Nov. 16, 2018, BV032137 [nonpub. opn.] (*Ibbotson*).)

Foster filed the civil action at bar on January 22, 2020, against Judge Lu, alleging she violated his rights by dismissing case No. 14K08085. Judge Lu's demurrer to this action was sustained without leave to amend. Foster appealed. We affirm.

## Pertinent Procedural History[2]

After the dismissal of case No. 14K08085 without prejudice on December 17, 2015, Foster attempted to file a first amended complaint and various motions. On October 20, 2016, the superior court ordered Foster's motions off calendar, found he had not complied with Code of Civil Procedure section 473, and ordered the first amended complaint stricken. Foster appealed but the appellate division dismissed the appeal because Foster had not provided an adequate record. (*Ibbotson, supra*, BV032137.)

---

[1] As an active judge on the Los Angeles Superior Court, Judge Lu is protected by judicial immunity.

[2] We have relied on the appellate division's opinion for the history of case No. 14K08085. (*Ibbotson, supra*, BV032137.)

After the within civil action had been filed, Judge Lu demurred to the complaint on April 6, 2020. Foster filed an opposition and Judge Lu filed a reply. On June 29, 2020, the court sustained the demurrer without leave to amend for the reasons stated in the demurrer and ordered the action dismissed. Foster filed a notice of appeal on July 27, 2020. The court entered the order of dismissal and judgment on September 15, 2020. We deem the notice of appeal as having been filed after September 15, 2020. (Cal. Rules of Court, rule 8.308(c) [premature appeal].)

**Foster's Complaint**

The first cause of action is ostensibly based on title 42 United States Code section 1983 and the Fourteenth Amendment of the United States Constitution. This cause of action alleges that Judge Lu deprived Foster of his due process rights and abused her judicial discretion by the action taken on October 20, 2016, in dismissing case No. 14K08085.

The second cause of action alleges that Judge Lu should have, but did not, enter a default against the defendants in case No. 14K08085. This allegedly deprived Foster of his rights under the due process clause.

The third cause of action again invokes title 42 United States Code section 1983 and the Fourteenth Amendment of the United States Constitution. This cause of action alleges that Foster was deprived of his right to prosecute a civil action, namely, case No. 14K08085.

The complaint seeks a battery of remedies that, for the most part, are beyond the superior court's power to implement. The complaint seeks a declaration that Judge Lu violated Foster's rights under the due process clause; requests that the

3

superior court issue an order directing the California Supreme Court to deem the petition for review timely filed; seeks damages of $80,000 and exemplary damages of $3,000; requests that the trial court vacate the order of dismissal entered on October 20, 2016; and award Foster his costs and reasonable attorney's fees.

## Judge Lu is Immune From Liability

"An unbroken line of authorities including many English cases as well as authorities in our own country from the beginning of our judicial history sustains the principle that judicial officers are not liable for the erroneous exercise of *judicial* powers vested in them. [¶] Equally unanimous is the reasoning contained in these cases that this immunity from liability is based upon considerations of public policy. That to hold judicial officers personally liable for errors of judgment concerning either questions of law or fact would be subversive of both independence and efficiency in the administration of justice." (*Frazier v. Moffatt* (1951) 108 Cal.App.2d 379, 384.) "[T]he civil immunity of the judiciary in the performance of judicial functions is deeply rooted in California law." (*Oppenheimer v. Ashburn* (1959) 173 Cal.App.2d 624, 630.)

It is patent that Judge Lu was acting in her judicial capacity, i.e., exercising her judicial powers when she dismissed case No. 14K08085. (*Ibbotson*, *supra*, BV032137.) One way for a lay person to understand what is meant by "judicial capacity" is that only a judge could have taken the action that Judge Lu took both on December 17, 2015, when she dismissed the case without prejudice, and on October 20, 2016, when she struck the complaint and ordered Foster's motions off calendar and then dismissed the case.

The reason for judicial immunity has been given by the United States Supreme Court in an explanation that cannot be improved upon: "For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful. As observed by a distinguished English judge, it would establish the weakness of judicial authority in a degrading responsibility." (*Bradley v. Fisher* (1872) 80 U.S. 335, 347.)

Foster's contention that judicial immunity does not apply if the relief sought is declaratory or injunctive relief relies on the outdated decision in *Supreme Court of Virginia v. Consumers Union U.S., Inc.* (1980) 446 U.S. 719, which has been set aside by the 1996 amendments to title 42 United States Code section 1983, which "provides judicial officers immunity from injunctive relief even when the common law would not." (*Moore v. Urquhart* (9th Cir. 2018) 899 F.3d 1094, 1104.) Judicial immunity extends to actions for declaratory, injunctive, and other equitable relief. (*Moore v. Brewster* (9th Cir. 1996) 96 F.3d 1240, 1243.)

Given the law on judicial immunity, the superior court could not do anything other than sustain Judge Lu's demurrer without leave to amend.

### Other Grounds for the Demurrer

There were other grounds that justified a dismissal of this case. We note these grounds only summarily in that the

5

complaint is absolutely barred by the doctrine of judicial immunity. The additional grounds for dismissal also show that this action was completely devoid of merit.

The court did not have jurisdiction to set aside earlier orders of the superior court. (*Alvarez v. Superior Court* (2004) 117 Cal.App.4th 1107, 1111.) The first and third causes of action are barred by the statute of limitations which, by the adoption of the forum's limitations period (*Knox v. Davis* (9th Cir. 2001) 260 F.3d 1009, 1012–1013), is two years. The second cause of action seeking monetary damages is barred because of Foster's failure to file a written claim for damages. (*Phillips v. Desert Hospital District* (1989) 49 Cal.3d 699, 708.) Judge Lu did not err in dismissing Foster's action in case No. 14K08085 since Foster was in default. In fact, we see no error in any of the superior court's rulings in case No. 14K08085, which means that none of the causes of action have stated facts sufficient to constitute a cause of action.

**This is a Frivolous and Vexatious Action**

The conclusion is inescapable that this action was, from the first, frivolous and vexatious. No reasonable attorney would have filed and maintained this action, much less pursued an appeal since it is clear that the appeal is "totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) Had an attorney done as Foster did, we would be considering the imposition of sanctions. (*Ibid.*) While generally speaking Foster is held to the same standard as an attorney, his demonstrated lack of knowledge of basic legal principles is a marginal excuse for pursuing this meritless litigation.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to costs on appeal.

**NOT TO BE PUBLISHED.**


LUI, P. J.

We concur:



ASHMANN-GERST, J.



CHAVEZ, J.

7