[No. G044915. Fourth Dist., Div. Three. May 25, 2012.]

EDWARD REZEK, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE et al., Real Parties in Interest.

634

## COUNSEL

The Beck Law Firm and Thomas E. Beck for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest the People of the State of California.

Woodruff, Spradlin & Smart, Caroline A. Byrne and M. Lois Bobak for Real Party in Interest City of Tustin.

## OPINION

**MOORE, J.**—Are statements of witnesses to the crime with which the defendant is charged immune from discovery because the statements were obtained as the result of an internal affairs investigation and placed in an officer's personnel file? No. A defendant may obtain the statements on a showing of good cause made in a motion brought pursuant to and not precluded under Evidence Code sections 1043 and 1045. We direct the trial court to review the internal affairs report concerning defendant's complaint in camera and to disclose to defendant the relevant nonprecluded statements of percipient witnesses to the charged incident.

I

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant Edward Rezek is charged in Orange County Superior Court case No. 10CM00225 with one misdemeanor count each of delaying or obstructing a police officer in the performance of his duty (Pen. Code, § 148, subd. (a)(1)) and vandalism (Pen. Code, § 594, subd. (a)). It appears the prosecution theory is defendant punched a motor vehicle driven by a private security guard in a crosswalk at a shopping center in Tustin, causing damage to the vehicle. The security guard, Jose Reyes, then made a citizen's arrest of

defendant in the presence of two Tustin plainclothes police officers, Mark Turner and Brian Chupp, and defendant thereafter resisted arrest.

Defendant's version of the incident is quite different. He contends he slapped the hood of the motor vehicle being driven inattentively by Reyes when the vehicle almost struck him in the crosswalk. Defendant claims shortly thereafter, he was talking on his cell phone while waiting to enter the Auld Dubliner restaurant and was accosted by two men who did not identify themselves as police officers and who dragged him away. He alleges the officers inflicted significant injuries on him, including breaking one of his arms. According to defendant, the person he had been talking with on his cell phone heard the incident until the phone was cut off. He also alleges the manager of the restaurant heard the tussle, and attempted to aid him until one of the two men finally identified them as police officers. Paramedics examined defendant and opined his arm was probably broken. He was taken to the hospital where the diagnosis was confirmed.

As a result of defendant's initial *Pitchess* motion (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]), which sought information from the arresting officers' personnel files, defendant was provided with the name of the complaining witness to a 2004 incident involving Officer Turner and an allegation of excessive force. Defendant was later given the statements of seven witnesses to the 2004 incident when disclosure of the complaining witness's information proved insufficient.

The present issue arises out of defendant's supplemental discovery motion for the verbatim statements of the percipient witnesses to the charged incident obtained by internal affairs. Defendant filed a complaint with the Tustin Police Department against the arresting officers, alleging abuse. The matter was investigated by Sergeant Del Pickney. According to the return in this matter, statements were obtained from three percipient witnesses.

The superior court denied the supplemental discovery motion. The appellate division of the superior court denied defendant's petition for a writ of mandate. Defendant thereafter filed a petition for a writ of mandate in this court, which we summarily denied. Defendant then filed a petition for review in the Supreme Court. The Supreme Court granted defendant's petition and transferred the matter to this court. We issued an alternative writ of mandate pursuant to the high court's directions.

## II

## DISCUSSION

In *Pitchess v. Superior Court, supra*, 11 Cal.3d 531, the California Supreme Court held a criminal defendant charged with battery on a number

of sheriff deputies could, upon a proper showing, discover complaints of excessive force located in a deputy's personnel file. (*Id.* at pp. 534, 538.) The court stated the right of a criminally accused to discovery is founded on "the fundamental proposition that [an accused] is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information. [Citations.]" (*Id.* at pp. 535–536.) The Legislature subsequently codified the procedure for litigating what have become known as "*Pitchess* motions." (Evid. Code, § 1043 et seq.) These code sections were not only intended to codify the Supreme Court's decision in *Pitchess,* but also "to curtail record shredding and discovery abuses that allegedly occurred in the wake of the *Pitchess* decision. [Citation.]" (*Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079, 1085 [12 Cal.Rptr.3d 467].)

■ Penal Code section 832.5 requires law enforcement departments to investigate complaints against their personnel. (Pen. Code, § 832.5, subd. (a)(1).) The complaints and the reports of the resulting investigations must be maintained in either the officer's personnel file or such other files as designated by the officer's agency. (Pen. Code, § 832.5, subd. (b).) Records maintained pursuant to Penal Code section 832.5 "are confidential and shall not be disclosed in any criminal or civil proceeding *except* by discovery pursuant to Sections 1043 and 1046 of the Evidence Code." (Pen. Code, § 832.7, subd. (a), italics added.)

■ The Evidence Code provides a limited right to discovery of an officer's personnel file maintained pursuant to Penal Code section 832.5. The accused is entitled to discover relevant information or documents in the officer's personnel file on a showing of good cause. (*People v. Gaines* (2009) 46 Cal.4th 172, 179 [92 Cal.Rptr.3d 627, 205 P.3d 1074]; Evid. Code, § 1043, subd. (b).) In order to establish good cause, the defense must submit an affidavit in support of a written motion for discovery. The affidavit, which may be filed on information and belief, need only demonstrate the materiality of the information sought to the subject matter of the pending case and state upon reasonable belief that the law enforcement agency has the information or documents sought. (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019 [29 Cal.Rptr.3d 2, 112 P.3d 2]; *City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84 [260 Cal.Rptr. 520, 776 P.2d 222].)

■ "A showing of 'good cause' exists if the defendant demonstrates both (1) a 'specific factual scenario' that establishes a 'plausible factual foundation' for the allegations of officer misconduct [citations], and (2) that the misconduct would (if credited) be material to the defense [citation]. . . . Accordingly, defense counsel's supporting declaration must propose a defense and articulate how the requested discovery may be admissible as direct or impeachment evidence in support of the proposed defense, or how the

requested discovery may lead to such evidence. [Citation.] Thus, a defendant meets the materiality element by showing (1) a logical connection between the charges and the proposed defense; (2) the requested discovery is factually specific and tailored to support the claim of officer misconduct; (3) the requested discovery supports the proposed defense or is likely to lead to information that will do so; and (4) the requested discovery is potentially admissible at trial. [Citation.]" (*Giovanni B. v. Superior Court* (2007) 152 Cal.App.4th 312, 319 [60 Cal.Rptr.3d 469].)[1]

■ The required good cause showing "is measured by 'relatively relaxed standards' that serve to 'insure the production' for trial court review of 'all potentially relevant documents.' [Citation.]" (*People v. Gaines, supra*, 46 Cal.4th at p. 179.) When the defendant has made the requisite showing of good cause, the trial court "must review the records in camera to determine what, if any, information should be disclosed. [Citations.]" (*Chambers v. Superior Court* (2007) 42 Cal.4th 673, 679 [68 Cal.Rptr.3d 43, 170 P.3d 617].) In the in camera hearing, the court determines whether the relevant information or documents are precluded from disclosure by Evidence Code section 1045, subdivisions (b) and (c). If those statutory provisions do not prohibit disclosure, " 'the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation." ' (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226 [114 Cal.Rptr.2d 482, 36 P.3d 21], quoting Evid. Code, § 1045, subd. (a); see also *Warrick v. Superior Court, supra*, 35 Cal.4th at p. 1019.)" (*People v. Gaines, supra*, 46 Cal.4th at p. 179.) "In providing for in camera review, 'the Legislature balanced the accused's need for disclosure of relevant information with the law enforcement officer's legitimate expectation of privacy in his or her personnel records.' [Citation.]" (*Chambers v. Superior Court, supra*, 42 Cal.4th at p. 679.)

■ Traditionally, *Pitchess* motions seek information about past complaints by third parties of excessive force, violence, dishonesty, or the filing of false police reports contained in the officer's personnel file. (See, e.g., *People v. Fuiava* (2012) 53 Cal.4th 622, 646 [137 Cal.Rptr.3d 147, 269 P.3d 568] [discovery motion sought complaint of " 'unnecessary acts of aggressive behavior, acts of violence and/or attempted violence, [or] acts of excessive force and/or attempted excessive force' "]; *Galindo v. Superior Court* (2010) 50 Cal.4th 1, 7 [112 Cal.Rptr.3d 673, 235 P.3d 1] ["prior incidents involving excessive force, violence, false arrest, fabrication or dishonesty"]; *Chambers v.*

---

[1] The City of Tustin (Tustin) contends defendant's motion was deficient because he did not attach the police report to the present motion or demonstrate his version of the facts differs from the version contained in the police report. As defendant already prevailed on his earlier *Pitchess* motions for third party complaints contained in one of the officer's personnel files after alleging the officers used excessive force and wrote false police reports in this matter, Tustin and the court were well aware of Rezek's theory and version of events.

*Superior Court, supra,* 42 Cal.4th at p. 677 [" 'excessive force, aggressive conduct, unnecessary violence, unnecessary force, false arrest or detention, false statements in reports, false claims of probable cause or reasonable suspicion or any other evidence of, or complaints of dishonesty' "].) Thus, once a defendant has made the relatively low threshold showing of good cause and the court has reviewed the pertinent documents in camera, the court releases the contact information of the third party complainant and potential witnesses to the past alleged misconduct. (*Haggerty v. Superior Court, supra,* 117 Cal.App.4th at pp. 1089–1090.) On those occasions when that information proves insufficient, either because a witness does not remember the earlier events or the witness cannot be located, a supplemental *Pitchess* motion may be filed and the statements of the witnesses may be disclosed to the defendant. (*Carruthers v. Municipal Court* (1980) 110 Cal.App.3d 439, 442 [168 Cal.Rptr. 33]; *Kelvin L. v. Superior Court* (1976) 62 Cal.App.3d 823, 828–829 [133 Cal.Rptr. 325].)

Unlike the typical *Pitchess* motion, defendant's motion under review did not seek discovery of third party complaints of past incidents of alleged misconduct. The court granted defendant's prior *Pitchess* motion for that information. The current motion was brought, as all *Pitchess* motions are, pursuant to Evidence Code section 1043. The motion sought discovery of witnesses' statements pertaining to the very incident that serves as the basis for the pending charges. The trial court initially denied defendant's motion without prejudice, based upon its belief that as the internal affairs investigation contained the statements of witnesses to the charged offenses, defendant was obligated to obtain the statements from the district attorney pursuant to Penal Code section 1054.1. That section requires the prosecutor to disclose to the defense "[r]elevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial . . . ." (Pen. Code, § 1054.1, subd. (f).) The prosecutor took the position that statements contained in an officer's personnel file are not subject to Penal Code section 1054.1.

The court concluded defendant's discovery motion was in essence a request for the court to go in camera to determine whether the district attorney or police department complied with their discovery obligations under Penal Code section 1054.1 to disclose the statements of witnesses. The court denied defendant's discovery motion because it concluded it did not have jurisdiction to "make sure" the prosecution complied with its discovery obligation.

Although a *Pitchess* motion is submitted to the wide discretion of the court and we defer to the trial court absent a demonstrable abuse of discretion (*People v. Samayoa* (1997) 15 Cal.4th 795, 827 [64 Cal.Rptr.2d 400, 938 P.2d

2]), where the court erroneously concludes the discovery cannot be obtained via a *Pitchess* motion based on a mistaken belief the discovery must be obtained from the prosecutor pursuant to Penal Code section 1054.1, the defendant has demonstrated an abuse of discretion (*People v. Penoli* (1996) 46 Cal.App.4th 298, 302 [53 Cal.Rptr.2d 825] [abuse of discretion present when "court failed to exercise the discretion vested in it by law"]; *People v. Metcalf* (1996) 47 Cal.App.4th 248, 252 [55 Cal.Rptr.2d 164] [court abused discretion when it "affirmatively indicated, and erroneously believed" it had no discretion in matter]).

■ A defendant is entitled to discover from the prosecution the relevant statements of witnesses. (Pen. Code, § 1054.1.) The discovery provided in Penal Code section 1054.1, however, is not exclusive. The reciprocal discovery chapter places no restriction on discovery provided by "other express statutory provisions, or as mandated by the Constitution of the United States." (Pen. Code, § 1054, subd. (e).) Evidence Code section 1043 is one such express statutory provision. Just as the discovery procedure set forth in Evidence Code section 1043 et seq. operates "in tandem" with the prosecution's duty to disclose favorable information pursuant to *Brady v. Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215, 83 S.Ct. 1194] (*People v. Gutierrez* (2003) 112 Cal.App.4th 1463, 1473 [6 Cal.Rptr.3d 138]), so too does the Evidence Code discovery procedure work in tandem with the prosecution's duty to disclose relevant statements of witnesses under subdivision (f) of Penal Code section 1054.1.

Except with regard to an exception not applicable here (see Pen. Code, § 832.7, subd. (a)) "the prosecutor, as well as the defendant, must comply with the statutory *Pitchess* requirements for disclosure of information contained in confidential peace officer records. [Citation.]" (*Abatti v. Superior Court* (2003) 112 Cal.App.4th 39, 56 [4 Cal.Rptr.3d 767]; see *People v. Superior Court* (*Gremminger*) (1997) 58 Cal.App.4th 397, 404–405 [67 Cal.Rptr.2d 910] [absent the exception found in Pen. Code, § 832.7, subd. (a), district attorney motion to discover information in officer's personnel file must comply with Evid. Code, § 1043].) We see no reason why the defense—when it has good reason to believe an officer's personnel file contains relevant statements from material witnesses to the charged incident—should be precluded from obtaining the statements because the district attorney may have the right to obtain the same information by filing a motion for discovery pursuant to Evidence Code section 1043. Moreover, Tustin has provided no public policy reason why a defendant should be entitled to a statement from an eyewitness when the statement is obtained while the police are investigating the alleged crime, but cannot obtain the very same statement were it to have been obtained by the same law enforcement agency and placed in a police officer's personnel file.

■ Penal Code section 1054.1 does not preclude a criminal defendant from filing a motion to discover the statements of percipient witnesses contained in a peace officer's personnel file. The trial court abused its discretion in denying defendant's discovery motion on the mistaken belief Penal Code section 1054.1 is the exclusive means by which a defendant may obtain such statements.

■ We recognize that the information in an officer's personnel file is *conditionally* privileged by statute (Pen. Code, § 832.7), but that privilege must be weighed against the defendant's legitimate interests in obtaining the requested information. (*Vela v. Superior Court* (1989) 208 Cal.App.3d 141, 147 [255 Cal.Rptr. 921].) A defendant's need for the statements of percipient witnesses to the charged crime is of constitutional dimension and is based on the right to a fair trial, effective assistance of counsel, confrontation and cross-examination. (U.S. Const., 6th & 14th Amends.; *Davis v. Alaska* (1974) 415 U.S. 308 [39 L.Ed.2d 347, 94 S.Ct. 1105]; Cal. Const., art. I, § 7; *People v. Abel* (2012) 53 Cal.4th 891, 931 [138 Cal.Rptr.3d 547, 271 P.3d 1040] [defendant's discovery claim implicates "the fundamental fairness of trials"].) When the defendant seeks the statements of witnesses to the charged incident, an officer's privacy interests are implicated less than when the information sought pertains to past incidents unconnected to the charged offense.

When the officers' privacy interest is weighed against defendant's interest in this matter, defendant's interest prevails. "Because of the direct relevance of the information, the courts have generally recognized that the law enforcement records of the investigation at issue may be discoverable and have never imposed any special limitations on this disclosure if the requested discovery otherwise meets the statutory criteria. (See *Robinson v. Superior Court* [(1978)] 76 Cal.App.3d [968,] 978 [143 Cal.Rptr. 328] [' "[a]ll statements made by percipient witnesses and witnesses . . . *related to the incident in question*" . . . are discoverable under the standards set forth in *Pitchess*,' italics added]; see also *People v. Alexander* (1983) 140 Cal.App.3d 647, 659 [189 Cal.Rptr. 906], disapproved on another point in *People v. Swain* (1996) 12 Cal.4th 593 [49 Cal.Rptr.2d 390, 909 P.2d 994].)" (*Haggerty v. Superior Court, supra*, 117 Cal.App.4th at pp. 1090–1091.) Furthermore, the express language of subdivision (a) of Penal Code section 1045 supports an order for the disclosure of the investigation of defendant's complaint. (Cf. *City of San Jose v. Superior Court* (1993) 5 Cal.4th 47, 55 [19 Cal.Rptr.2d 73, 850 P.2d 621].)

■ Were it not for the fact the witnesses' statements are located in personnel files of police officers, there would be no question but that

defendant is entitled to such statements. (Pen. Code, § 1054.1.) The materiality of statements of alleged eyewitnesses to the charged offenses is "self-evident." (*Robinson v. Superior Court, supra*, 76 Cal.App.3d 968, 977.)

██ In conclusion, we hold defendant made a sufficient showing to require an in camera review of the relevant documents and information. If disclosure of the documentation or information is not precluded by subdivision (b) or (c) of Evidence Code section 1045, "then disclosure is called for." (*Galindo v. Superior Court, supra*, 50 Cal.4th at p. 12.)

### III

### DISPOSITION

Let a writ of mandate issue directing the trial court to vacate its January 21, 2011 order denying defendant's discovery motion for the statement of witnesses obtained during the internal affairs investigation of defendant's complaint. The superior court is directed to (1) conduct an in camera inspection of the relevant documents as provided by Evidence Code section 1045, subdivision (b) and (2) disclose to defendant any relevant statements of witnesses contained in the reviewed documents and any relevant physical evidence not precluded from disclosure by Evidence Code section 1045, subdivisions (b) and (c). The previously issued stay will be vacated when the opinion is final as to this court.

O'Leary, P. J., and Rylaarsdam, J., concurred.

The petition of real party in interest City of Tustin for review by the Supreme Court was denied September 12, 2012, S203820. Baxter, J., was of the opinion that the petiton should be granted.