Filed 10/25/24; certified for publication 11/5/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MANUEL BANUELOS,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>  Respondent;<br><br>AZUSA POLICE DEPARTMENT et al.,<br><br>  Real Parties in Interest. | B333189<br><br><br>(Los Angeles County Super. Ct. No. KA124752) |

ORIGINAL PROCEEDINGS in mandate, Superior Court of Los Angeles County. Mike Camacho, Judge. Petition granted.

Ricardo D. Garcia, Public Defender, Albert J. Menaster, Lesley Gordon, and Lisa Zimmerman, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Best Best & Krieger and Yara Wahba for Real Parties in Interest.

_____

## INTRODUCTION

After petitioner was charged with murder, the prosecution notified defense counsel that one of the investigating officers received a sustained finding of dishonesty and that the officer's police department intended to publish records related to that finding under Penal Code section 832.7,[1] subdivision (b)(1)(C), which makes such records nonconfidential and subject to public inspection. Defense counsel filed a request with the officer's department under the California Public Records Act (CPRA) (Gov. Code, § 7920.000 et seq.), seeking records related to the officer's sustained finding of dishonesty. The department responded that it intended to produce those records.

While the CPRA request was pending, petitioner moved under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*), seeking additional *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*) material concerning the investigating officer. After conducting an in-camera review of the officer's personnel file, the court found that it did not contain additional *Brady* material outside the records concerning the officer's sustained finding of dishonesty. The court ordered the officer's department to disclose those records, and it issued a protective order under Evidence Code section 1045, subdivision (e), precluding defense counsel from sharing the records with anyone outside the lawyers, investigators, experts, and other professionals working on petitioner's defense.

Petitioner filed a petition for an extraordinary writ of mandate, seeking to vacate the trial court's protective order

---

[1]     All undesignated statutory references are to the Penal Code.

2

because the records of the investigating officer's sustained finding of dishonesty are nonconfidential and subject to public inspection under section 832.7, subdivision (b)(1)(C).  We agree and grant the petition for writ of mandate.

## BACKGROUND

In March 2021, petitioner Manuel Banuelos was charged with first degree murder.

In August 2023, a prosecutor notified Banuelos's defense counsel that the Azusa Police Department (Department) sustained a finding of dishonesty against Officer Jonathan Rush earlier that year, arising out of a September 2021 incident, and that the Department intended to publish the records related to that finding pursuant to section 832.7, subdivision (b)(1)(C).  The prosecutor stated that he believed his notification was "a sufficient tip for running a *Pitchess*."  (Italics added.)

A couple of days after receiving the prosecutor's notification, Banuelos's defense counsel sent a CPRA request to the Department, seeking, among other things, records of sustained findings of dishonesty against Officer Rush.  The Department notified defense counsel that it found responsive records for several of its officers, including records of a sustained finding of dishonesty against Officer Rush, and that it expected to produce the records by late September 2023.

While his CPRA request was pending, Banuelos filed a *Pitchess* motion in the trial court, seeking additional *Brady* material for Officer Rush.  The Department opposed the motion and asked the court, in the event it granted the motion, to issue a protective order for any material from Officer Rush's personnel file it ordered the Department to disclose.  In his reply, Banuelos opposed the Department's request for a protective order to the

3

extent it would apply to records of Officer Rush's sustained finding of dishonesty, arguing that such records are nonconfidential and subject to public disclosure under section 832.7, subdivision (b)(1)(C).

In September 2023, the court held a hearing on Banuelos's *Pitchess* motion. After conducting an in-camera review of the Department's records, the court found Officer Rush's personnel file did not contain any *Brady* material outside the records concerning Officer Rush's sustained finding of dishonesty. The court ordered the Department to disclose the records related to that finding. The court also issued a protective order under Evidence Code section 1045, subdivision (e), concerning those records. In relevant part, the protective order states: "1. Defense counsel alone will have custody, control and access to the information; [and] [¶] 2. Defense counsel will be prohibited from releasing, disseminating or sharing the information with anyone, with the exception of any other attorneys or investigators working on the case[,] including experts and other professionals."

In November 2023, Banuelos filed a petition for an extraordinary writ of mandate, asking us to vacate the trial court's September 2023 protective order. We summarily denied Banuelos's petition.

In January 2024, Banuelos petitioned the Supreme Court for review of our order summarily denying his writ petition. The Supreme Court granted Banuelos's petition for review and transferred the matter to us with directions to vacate our order denying mandate and to issue an order to show cause why we should not grant the relief requested in Banuelos's writ petition.

In March 2024, we vacated our order denying Banuelos's writ petition and issued an order to show cause why we should

4

not grant the relief requested in the petition. We directed real parties in interest to file a written return and Banuelos to file a reply. The Department and Officer Rush filed a letter brief in which they took no position on the issues raised in Banuelos's writ petition. Banuelos did not file a reply.

## DISCUSSION

The CPRA grants the public a right to access records held by state and local agencies. (*Los Angeles County Bd. of Supervisors v. Superior Court* (2016) 2 Cal.5th 282, 290.) "[A]ccess to information concerning the conduct of the people's business," the Legislature declared, "is a fundamental and necessary right of every person in this state." (Gov. Code, § 7921.000.) Thus, the CPRA was enacted to increase "freedom of information by giving members of the public access to records in the possession of state and local agencies." (*Los Angeles County Bd. of Supervisors*, at p. 290.)

There are several exemptions to the CPRA's disclosure requirement, including one for law enforcement personnel records, which, until recently, were categorically exempted from disclosure to the public under sections 832.7 and 832.8. (*Becerra v. Superior Court* (2020) 44 Cal.App.5th 897, 914 (*Becerra*).) Access to such records was only permitted through a *Pitchess* motion brought under Evidence Code sections 1043 and 1045. (*Becerra*, at pp. 914–915.)

Under the *Pitchess* statutes, litigants who make a showing of good cause are given limited access to confidential personnel records to use in the preparation of their defense. (*Long Beach Police Officers Assn. v. City of Long Beach* (2014) 59 Cal.4th 59, 68; *Chambers v. Superior Court* (2007) 42 Cal.4th 673, 679 (*Chambers*).) An order of disclosure under *Pitchess* "ordinarily

5

involves revelation of only the ' "name, address and phone number of any prior complainants and witnesses and the dates of the incidents in question." ' " (*Chambers*, at p. 679.) Further, the trial court must impose a protective order providing that the records disclosed or discovered under *Pitchess* "may not be used for any purpose other than a court proceeding pursuant to applicable law." (Evid. Code, § 1045, subd. (e).) The protective order "is designed to ensure that disclosure of confidential information is limited to the proceeding in which the disclosure is ordered." (*Chambers*, at p. 682.)

Effective January 1, 2019, Senate Bill No. 1421 (2017–2018 Reg. Sess.) (Senate Bill 1421) amended sections 832.7 and 832.8 to render certain types of law enforcement personnel records nonconfidential and subject to public disclosure under the CPRA. (Stats. 2018, ch. 988, § 2; *Becerra*, *supra*, 44 Cal.App.5th at p. 915.) Specifically, section 832.7, subdivision (b) provides that certain "peace officer or custodial officer personnel records and records maintained by a state or local agency shall not be confidential and shall be made available for public inspection" under the CPRA, such as, among other things, "[a]ny record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency involving dishonesty by a peace officer or custodial officer directly relating to the reporting, investigation, or prosecution of a crime, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer, including, but not limited to, any false statements, filing false reports, destruction, falsifying, or concealing of evidence, or perjury." (§ 832.7, subd. (b)(1)(C).)

6

The Legislature enacted Senate Bill 1421 because it "perceived California as 'one of the most secretive states in the nation in terms of openness when it comes to officer misconduct and uses of force.' " (*Becerra*, *supra*, 44 Cal.App.5th at p. 920.) The legislative "intent behind Senate Bill 1421 was to provide transparency regarding instances of an officer's use of significant force and sustained findings of officer misconduct by allowing public access to officer-related records maintained either by law enforcement employers or by any state or local agency with independent law enforcement oversight authority." (*Id.* at p. 921.)

Generally, a trial court's ruling on a *Pitchess* motion is reviewed for abuse of discretion. (*People v. Cruz* (2008) 44 Cal.4th 636, 670.) But where, as here, the facts are undisputed and the correctness of the court's *Pitchess* ruling turns on a question of law, our review is de novo. (See *Brown v. Valverde* (2010) 183 Cal.App.4th 1531, 1546 [where challenge to *Pitchess* ruling raises only questions of statutory construction, Court of Appeal's review is de novo].)

The material protected by the court's September 2023 protective order consists only of records concerning the Department's sustained finding of dishonesty against Officer Rush. As we just explained, and as the Department acknowledged below, those records are nonconfidential and subject to public inspection under section 832.7, subdivision (b)(1)(C). A protective order issued under Evidence Code section 1045, subdivision (e), is intended to protect "confidential" law enforcement personnel records. (*Chambers*, *supra*, 42 Cal.4th at p. 682.) Because the court did not order the Department to disclose any confidential information from Officer Rush's

7

personnel records, it should not have issued a protective order precluding defense counsel from sharing the records of Officer Rush's sustained finding of dishonesty with anyone outside of the team working on Banuelos's defense. We therefore direct the court to vacate its protective order concerning those records.

## DISPOSITION

The petition for writ of mandate is granted. The trial court is directed to vacate its September 2023 protective order concerning the records of the Department's sustained finding of dishonesty against Officer Rush.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

GRIMES, J

8

Filed 11/5/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MANUEL BANUELOS,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>    Respondent;<br><br>AZUSA POLICE DEPARTMENT<br>et al.,<br><br>    Real Parties in Interest. | B333189<br><br>(Los Angeles County<br>Super. Ct. No. KA124752)<br><br>**ORDER CERTIFYING<br>OPINION<br>FOR PUBLICATION**<br><br>**[No change in judgment]** |

THE COURT:

    The opinion in the above-entitled matter filed on October 25, 2024, was not certified for publication in the Official Reports. For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

    There is no change in the judgment.

_____

STRATTON, P. J.        GRIMES, J.        VIRAMONTES, J.